# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# LITTLE ROCK DIVISION

SAM EDWARD THURMOND, SR.                                                                    PLAINTIFF

V.                                          4:07CV01089 BSM/HDY

KARL BYRD *et al.*                                                                         DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

      3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff Sam Edward Thurmond, Sr., filed this *pro se* complaint pursuant to 42 U.S.C. § 1983, on November 6, 2007 (docket entry #2).[1]  Now pending is Defendants' motion for summary judgment, a brief in support, and a statement of facts.  Although Plaintiff has been given additional time to file a response (docket entry #75), he has failed to respond to Defendants' motion.

## I. Standard of Review

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

---

[1] The claims of previous Plaintiffs James Welspom and Sylvester Kirkwood have already been dismissed.

A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II.  Analysis

Plaintiff's claims arose while he was held at the Faulkner County Detention Center, both as a pre-trial, and post-trial, detainee. According to Plaintiff's complaint, he was denied access to the jail's law library; and denied writing paper, legal mail, and writing instruments. Plaintiff also contests the policies and training of jail personnel regarding treatment of legal materials and writing supplies. In his amended complaint, Plaintiff asserts that jail personnel inflict corporal punishment by forcing inmates to sleep on the floor; that they provide "hazardous and dangerous" meals; that they deny due process before placing inmates in punitive isolation; that uncertified personnel distribute medication, and inmates are not screened for TB; and that the grievance procedure is inadequate. In a later amendment, Plaintiff further asserts that jail personnel discriminate by racially segregating inmates.

Plaintiff has essentially raised three claims: that he was denied access to the courts by the jail's law library policy, mail policy, and policy regarding paper and writing instruments; that he has been confined under unconstitutional conditions of confinement due to racial segregation, being required to sleep on the floor, inadequate meals, and his medical concerns; and that the grievance procedure is flawed. The Court will address each claim separately.

*A. Denial of access to the courts*

Plaintiff's first claim is that he is being denied access to the law library, legal mail, and writing materials. Plaintiff also asserts that the jail does not have a written policy regarding possession of legal documents, legal materials, or writing paper, and that Faulkner County officials have failed to train their officers properly with respect to such items. Essentially, Plaintiff is advancing a claim that he is being denied access to the courts. However, to maintain such a claim, Plaintiff must demonstrate an injury. *Lewis v. Casey*, 518 U.S. 343, 350-353 (1996). Plaintiff has not demonstrated any injury as a result of the jail's policies, and the mere lack of a written policy is not a constitutional violation. According to his complaint, Plaintiff was represented by an attorney in a criminal matter while he was at the jail, and Plaintiff has certainly sustained no injury in this case as a result of the alleged denial of court access. In this case, Plaintiff has filed numerous pleadings, amended his complaint, and had no difficulty in prosecuting the case while he was held at the jail. It is noteworthy that Plaintiff is not incarcerated at this time, yet has failed to respond to Defendants' motion for summary judgment.

*B. Conditions of confinement*

Plaintiff's claim that he was held under unconstitutional conditions of confinement consist of his allegations that he was segregated by race, forced to sleep on the floor, fed an inadequate and dangerous diet, placed into punitive isolation without a hearing or notice, housed with inmates who had not been screened for TB, that the jail is overcrowded, and that inmates are being administered medication by untrained personnel.[2] Defendants have denied the allegations in their statement of

---

[2]As a pre-trial detainee, Plaintiff's claims are analyzed under the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment. *Owens v. Scott County Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003). However, the analysis of Plaintiff's claims is essentially the same, regardless

indisputable and material facts (docket entry #60). As discussed above, Plaintiff has not responded, so those facts are deemed admitted. *See* Local Rule 56.1(c). Accordingly, Plaintiff was not held under unconstitutional conditions of confinement.

*C. Grievance procedure*

Finally, Plaintiff contends that the grievance procedure is ineffective, and that some grievances go unanswered. However, Plaintiff has no right to a prison grievance procedure. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993)(per curiam) (holding that prison officials' failure to process inmates' grievances, without more, is not actionable under section 1983). Accordingly, Plaintiff's claims regarding the grievance procedure are not actionable.

Because no material facts remain in dispute, and the record shows Defendants are entitled to summary judgment, Defendant's motion should be granted.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' motion for summary judgment (docket entry #58) be GRANTED, and Plaintiff's complaint be DISMISSED WITH PREJUDICE.

2. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action be considered frivolous and not in good faith.

DATED this __19__ day of May, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

---

of his pre- or post-trial status, because courts apply the identical deliberate-indifference standard to pre-trial detainees as that applied to conditions of confinement claims made by convicts. *Id*. (quoting *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983)); *see also Whitnack v. Douglas County*, 16 F.3d 954, 957 (8th Cir. 1994).